**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.      On September 21, 2018, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following:

> 1.      All memoranda, opinions and reports signed, prepared or authorized by Deputy Director Andrew McCabe from April 1, 2017 through May 31, 2017.
> 2.      All records of communication, including but not limited to emails (whether using his own name or an alias, and whether on government or personal devices), text messages and instant chats sent to or from Deputy Director McCabe discussing the 25th Amendment and/or the fitness of the President of the United States.

The timeframe for the requested records was April 1, 2017 through May 31, 2017.

6.      By letter dated October 1, 2018, the FBI acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned FOIPA Request No. 1417872-000.

7.      Also on September 21, 2018, Plaintiff submitted a FOIA request to DOJ seeking the following:

> 1.      All audio and/or visual recordings, and transcripts of same, from any surreptitious recordings made by any official in the Office of the Attorney General ("AG") of meetings occurring with officials of the Executive Office of the President and/or Executive Office of the Vice President.

       2.     All memoranda, reports and notes of officials in the Office of the Attorney General regarding the 25th Amendment to the Constitution of the United States.
       3.     All records of communications sent to or from AG Jeff Sessions or any other official in the Office of the Attorney General regarding the 25th Amendment to the Constitution of the United States.

The timeframe for the requested records was November 1, 2016 to the present.

8. While Plaintiff has confirmed through the U.S. Postal Service that the request was received by DOJ, as of the date of this Complaint, Plaintiff has not received any response to this request from DOJ.

9. Finally, again on September 21, 2018, Plaintiff submitted a FOIA request to DOJ seeking the following:

       1.     All audio and/or visual recordings, and transcripts of same, from any surreptitious recordings made by Deputy Attorney General Rod Rosenstein and/or any other official in the Office of the Deputy Attorney General ("DAG") of meetings occurring with officials of the Executive Office of the President and/or Executive Office of the Vice President.
       2.     All memoranda, reports and notes of officials in the Office of the Deputy Attorney General regarding the 25th Amendment to the Constitution of the United States.
       3.     All records of communications sent to or from Deputy AG Rosenstein or any other official in the Office of the Deputy Attorney General regarding the 25th Amendment to the Constitution of the United States.
       4.     All memoranda, reports, and opinions written, signed or authorized by DAG Rosenstein in the month of May 2017.

The timeframe for the requested records was November 1, 2016 to the present for requests numbered 1-3, and May 2017 for request number 4.

10. While Plaintiff has confirmed through the U.S. Postal Service that the request was received by DOJ, as of the date of this Complaint, Plaintiff has not received any response to this request from DOJ.

11. As of the date of this Complaint, Defendant has failed to: (i) produce any of the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) working days of receiving the requests. Accordingly, Defendant's determinations were due on or about October 21, 2018. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15. Because Defendant failed to determine whether to comply with Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 14, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/  James F. Peterson*
　　　　　　　　　　　　　　　　　　　　　　　James F. Peterson
　　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 450171
　　　	　　　　　　　　　　　　　　　　　　Judicial Watch, Inc.
　　　　　　　　　　　　　　　　　　　　　　　425 Third Street SW, Suite 800
　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　　　　(202) 646-5172

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*